IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED

DEC 1 2 2016

David J. Bradley, Clerk of Court

| | |
|---|---|
| **Nigerians in Diaspora Organization Americas (NIDOA),** a Washington DC nonprofit Corporation<br><br>Plaintiff(s),<br><br>vs.<br><br>**Dr. SKC Ogbonnia,**<br><br>**Mr. Henry Chiwuikem Ihediwa**, and<br><br>**Mr. Audu Ali**, individuals and residents of Houston, Texas<br><br>Defendants | Case No. |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISEMENT, AND DEFAMATION OF CHARACTER
### INJUNCTIVE RELIEF SOUGHT

Plaintiff NIGERIANS IN DIASPORA ORGANIZATION AMERICAS ("NIDOA"), by and through undersigned attorney, for their Complaint against DR. SKC OGBONNIA, MR. HENRY CHIWUIKEM IHEDIWA and MR. AUDU ALI (collectively "DEFENDANTS") alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false advertisement and defamation of character in connection with the Defendants unauthorized and continued use of NIDOA trademarks in the communication and representation as being a legitimate association linked Plaintiff's registered body. Defendants were removed as members of Plaintiff's Houston Chapter but they have continued without permission, to act and publicize themselves as the legitimate chapter of Plaintiff's organization. Defendants sent out publications and mailings, called for and met as Plaintiff's organization. This use was unauthorized and false, causing damage in the false advertisement and deceptively benefiting from such false advertisement.

2. NIDOA seeks, *inter alia*, damages for trademark infringement, false advertisement, defamation of character and injunctive relief.

## PARTIES

3. Nigerians in Diaspora Organization Americas (NIDOA) is a Washington DC nonprofit Corporation with its principal place of business located at 4401-A Connecticut Avenue #359 Washington, District of Columbia 20008

4. Upon information and belief, Dr. SKC Ogbonnia is an individual with contact address of 906 Riverlace Drive, Houston, Texas 77079.

5. Upon information and belief, Mr. Henry Chiwuikem Ihediwa is an individual with contact address of 3539 George Washington, Missouri City, Texas 77459.

6.  Upon information and belief, Mr. Audu Ali is an individual with contact address of 9220 Clarewood Drive, Apt 2038, Houston, Texas 77036

## JURSIDICTION AND VENUE

7.  This is an action for copyright infringement arising under the Lanham Act of the United States, Title 15, United States Code.

8.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) et seq.

9.  On information and belief, Defendants are subject to personal jurisdiction in the Southern District of Texas ("District"), consistent with the principle of due process and long-arm statutes, because Defendants are residents of Texas; advertised via the Internet and beyond, offered their libelous publication via the Internet to known recipients all over the United States and beyond, have transacted business via the Internet, have committed and/or induced acts of trademark infringement all over the United States and beyond, and/or have placed infringing communications alleging ownership of Plaintiff's trademarks in the United States through established communication channels with the expectation that such communication shall result in positive responses to them via the Internet.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1391(d).

## NIDOA'S BUSINESS

11. For more than 15 years, Plaintiff NIDOA has been registered as a Washington

DC nonprofit organization organized for the promotion of the spirit of patriotism, networking and cooperation among Nigerians in the Diaspora.

12. NIDOA was established in 2001 and has gained a very high reputation within the country and in Nigeria for excellence in the results they achieve for their constituents.

13. NIDOA has documented success in Continental Americas with at least 18 chapters in the United States, one (1) in Brazil and two (2) in Canada.

14. As a result of the work done in furtherance of its mission, the many Annual General Meetings held by NIDOA, the intervention in many events in the United States, support for the world recognized "Bring Back Our Girls" programs and more, NIDOA has engendered goodwill and the name attained secondary meaning within the United States.

## FACTUAL BACKGROUND

15. Since 2001, when Retired General Olusegun Obasanjo, the then President of Nigeria, and continuing to date, NIDOA has been the premier Nigerian Organization in the World and United States in particular, and recognized as such by the Nigerian Embassy in Washington, DC.

16. Early in its existence NIDOA applied to the Internal Revenue Service and formally received the recognition as a 501(c)(3) tax exempt organization as a public charity. Their status with Washington DC Department of Consumer and Regulatory Affairs is current as a nonprofit organization.

17. NIDOA is the owner of record of four (4) United States Patent and Trademark Office issued registrations namely: 4,711,119; 4,770,571; 4,802,122 and 4,815,881. These

registrations are for the many formations of Nigerian in Diaspora Organization. NIDOA has consistently and conspicuously used their registered marks in the execution of its mission.

18. Prior to October 2015, Defendants were, as leaders of the chapter, were permitted to use the NIDOA protected name for the needed Chapter in Houston, Texas. Soon after Defendants began using the protected brand and mark, their approach to organizing the Houston Chapter left members with a more questions than answers as to their intent in building a NIDOA chapter in Houston.

19. Between November 2015 and May 2016, Defendants operated the NIDOA Houston chapter as their private organization, at odds with the members of the chapter, taking actions that could be in contradiction with the mission of the organization and refused to properly account to the membership regarding expenses and disbursement carried out by the Defendants.

20. On or about April 2016, Defendants actions became a matter for external intervention with the Consul General of Nigeria in Atlanta coming to Houston to broker peace. Several efforts were undertaken by the leadership of NIDOA to broker peace and return to operation within the established norms which proved futile.

21. On or about May 2016, in an attempt to wrest control from Defendants and within the authority provided in NIDOA's Bylaws, Plaintiff dissolved the Houston executives and relieved Defendants of their office; requesting them to account and return the properties of Houston Chapter in their possession to the Interim Caretaker Committee until elections are held in the coming weeks.

22. Defendants have refused to honor the directives of NIDOA in accordance with the Bylaws they were supposed to operate under. Defendants have sent out publications and directives, held meetings and converted the property of NIDOA without an accounting nor return of said properties to the Interim Caretaker Committee.

23. On or about June 6, 2016, Defendant Henry Chiwuikem Ihediwa issued a press release on behalf of "General Assembly" and distributed same to a very long distribution list and copying "all relevant bodies" impugning the character and activities of NIDOA leadership and falsely stated that the leadership has been dissolved. This malicious publication has been sent to an inordinate number of outlets both within and outside of the United States.

24. On or about June 6, 2016, NIDOA leadership authorized the Legal Adviser to engage the Defendants to withdraw the defamatory and false publication. Defendants had forty-eight (48) hours to do so. Unfortunately, Defendant SKC Ogbonnia increased the intensity of this false distribution by publishing to more outlets than previously done.

25. On or about August 9, 2016 Defendants issued a bill to and continued this unauthorized use of Plaintiff's proprietary mark, in communications with the Consulate General of Nigeria.

26. As of August 15, 2016, this unauthorized and false advertisement is still being used to impersonate NIDOA and defame the leadership, in social media such as Facebook accounts and other Internet sites.

27.

## COUNT I

## **TRADEMARK INFRINGEMENT UNDER TITLE 15**

28. NIDOA re-alleges and incorporates by reference the allegations set forth in paragraphs 1- 26.

29. NIDOA is the owner of all right, title, and interest in the Registered Trademarks attached hereto as Exhibit "A."

30. Defendants published without authorization, Plaintiffs' proprietary marks in the false advertisement on Internet and have continued to do so in social media outlets owned and managed by them as of June 2016 despite being notified to cease and desist from such use.

31. NIDOA has been damaged by Defendant's failure to retract the misleading and infringing publication, and false use of the proprietary brand name of NIDOA.

32. Plaintiff has been damaged but cannot determine the extent of the actual damage without adequate discovery, estimated at least $100,000.00.

33. The above-described acts of Defendants constitute trademark infringement under 15 USC §1125(a).

34. Defendants' conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

35. Plaintiff has no adequate remedy at law.

## COUNT II

## **FALSE ADVERTISEMENT UNDER THE LANHAM ACT**

36. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1- 34.

37. Defendants' advertisement, in the website; on Facebook using proprietary trademark and implying legitimacy of their statements about their position in NIDOA is false.

38. Defendants' publications were aimed at an audience, a substantial number of them being associated with the Nigerian communities both in United States and beyond, and such deceives the audience.

39. Upon information and belief, Defendants' false advertisement may have influenced the support and sponsorship decisions of potential attendees at NIDOA's Annual General Meeting, including consumers who may be resident outside the of the United States of America.

40. Defendants' misappropriation of Plaintiff's registered trademark and false indication as to source deceives the audience and constitutes false advertisement.

WHEREFORE, premises considered, Plaintiff demands a permanent injunction be entered against Defendants preventing them from using the Plaintiff's registered trademark, and statutory, actual and/or punitive damages in an amount as such as a jury may award.

## COUNT III

## **DEFAMATION OF CHARACTER**

41. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1- 39.

42. Upon information and belief, Defendants have made false statements of fact in its publication, on their Internet; and on Facebook and using NIDOA proprietary trademark to impugn the character of NIDOA leadership.

43. Upon information and belief, Defendants' character assassination of the Chairman of NIDOA Continental Board of Trustees - Samuel Adewusi, Esq., have caused him unimaginable pain and damage; estimates of which may be ascertained with adequate discovery and assessment.

44. Upon information and belief, Defendants' character assassination of the Secretary of NIDOA Board of Directors - Professor Apollos Nwauwa, have caused him unimaginable pain and damage; estimates of which may be ascertained with adequate discovery and assessment.

45. Upon information and belief, Defendants' character assassination of the Chairman of NIDOA Board of Directors - Engr. Gabriel Ndubisi George have caused him unimaginable pain and damage; estimates of which may be ascertained with adequate discovery and assessment.

46. Upon information and belief, Defendants' character assassination of the Public Relations Officer of the Board of Directors - Ms. Patricia Key have caused her unimaginable

pain and damage; estimates of which may be ascertained with adequate discovery and assessment

47. Upon information and belief, Defendants' publications and statements have actually deceived or tended to deceive a segment of the relevant market for such information and caused recipients of same to change their plans about being associated with the Plaintiff.

48. Defendants' unlawful actions have caused, are likely to cause, and will continue to cause Plaintiff and other members of the public harm unless enjoined.

49. Defendants have profited from their unlawful actions and have been unjustly enriched in the feeling of damage done to the Plaintiff which is shown to be their goals.

WHEREFORE, premises considered, Plaintiff request damages allowable under law, attorney fees and any other amount to which Plaintiff may be entitled.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury as to all issues so triable in this action

**WHEREFORE,** Plaintiff prays judgment against Defendants, as follows:

1. Enter a judgment that Defendants have infringed on Plaintiff's Proprietary Trademarks;

2. Order Defendants to pay damages of at least $100,000.00 per mark infringed to compensate Plaintiff for Defendants' trademark infringement.

3. For a grant of a permanent injunction pursuant to 15 U.S.C. § 1125(d), enjoining the Defendants from further acts of infringement.

4. Find the Defendants continued trademark infringement was willful and award treble damages to Plaintiff.

5. Enter a judgment that Defendants have falsely advertised their services using outcomes from Plaintiffs' Proprietary Trademark.

6. Enter a judgement against Defendants for Defamation of Character of each of the officers of NIDOA.

7. Award such other and further relief as the Court deems just and equitable.

Dated: 11-15-2016

**Essien Law Office, PLLC**

By   s/Mike Essien /
**Michael A. Essien, (*pro hac vice*)**
**Minnesota Attorney No. 031741X**
245 Ruth Street North, Suite 201
Saint Paul, Minnesota 55119
(651) 340-4310 *Telephone*
(651) 340-4311 *Facsimile*
Email: messien@essienlaw.com

**Gabriel Olu Giwa, Esq.**
**TBN: 07990170**
6776 Southwest Freeway, Ste.335
Houston, Texas 77074
(713) 532-2500 *Telephone*
(713) 230-8722 *Facsimile*
Email  : olugiwa1@yahoo.com

**Attorneys For Plaintiff**
**NIDOA**

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office



**Nigerians in Diaspora Organisation**

| | |
|---|---|
| **Reg. No. 4,711,119** | NIGERIANS IN DIASPORA ORGANIZATION AMERICAS (D.C. CHARITABLE, NON-PROFIT CORPORATION) |
| **Registered Mar. 31, 2015** | SUITE 359 |
| **Int. Cl.: 35** | 4401-A CONNECTICUT AVE, NW |
| | WASHINGTON, DC 20008 |
| **SERVICE MARK** | FOR: ASSOCIATION SERVICES, NAMELY, PROMOTING THE INTERESTS OF NIGERIANS IN THE AMERICAN DIASPORA, IN CLASS 35 (U.S. CLS. 100, 101 AND 102). |
| **PRINCIPAL REGISTER** | FIRST USE 5-1-2003; IN COMMERCE 5-1-2003. |

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NIGERIANS IN DIASPORA ORGANISATION", APART FROM THE MARK AS SHOWN.

THE COLOR(S) DARK GREEN, LIGHT GREEN, WHITE, RED, YELLOW, BLUE AND BLACK IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF AN ENLARGED "N" AND A REGULAR "ID" IN DARK GREEN; A MAP OF NIGERIA IN WHITE EMBEDDED IN THE LETTER "N"; A GLOBE IN YELLOW, RED, LIGHT GREEN AND BLUE WITH A DARK GREEN AXIS. THIS ALL APPEARS ABOVE THE WORDING "NIGERIANS IN DIASPORA ORGANISATION" IN BLACK.

SER. NO. 86-318,467, FILED 6-24-2014.

GISELLE AGOSTO, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office

# NIGERIANS IN DIASPORA ORGANISATION AMERICAS

**Reg. No. 4,770,571**  NIGERIANS IN DIASPORA ORGANIZATION AMERICAS (D.C. CHARITABLE, NON-PROFIT CORPORATION)
**Registered July 7, 2015**  SUITE 359
4401-A CONNECTICUT AVE, NW
**Int. Cl.: 35**  WASHINGTON, DC 20008

**SERVICE MARK**  FOR: ASSOCIATION SERVICES, NAMELY, PROMOTING THE INTERESTS OF NIGERIANS IN THE AMERICAN DIASPORA , IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

**SUPPLEMENTAL REGISTER**  FIRST USE 7-1-2013; IN COMMERCE 7-1-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ORGANIZATION", APART FROM THE MARK AS SHOWN.

SER. NO. 86-318,577, FILED P.R. 6-24-2014; AM. S.R. 4-7-2015.

GISELLE AGOSTO, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,815,881**  NIGERIANS IN DIASPORA ORGANIZATION AMERICAS (D.C. CHARITABLE, NON-PROFIT CORPORATION)
**Registered Sep. 22, 2015**  SUITE 359
4401-A CONNECTICUT AVE, NW
**Int. Cl.: 35**  WASHINGTON, DC 20008

**SERVICE MARK**  FOR: ASSOCIATION SERVICES, NAMELY, PROMOTING THE INTERESTS OF NIGERIANS IN THE AMERICAN DIASPORA, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

**PRINCIPAL REGISTER**  FIRST USE 5-1-2003; IN COMMERCE 6-1-2003.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NIGERIANS IN DIASPORA ORGANIZATION AMERICAS", APART FROM THE MARK AS SHOWN.

THE COLOR(S) DARK GREEN, LIGHT GREEN, WHITE AND BLACK IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF A LIGHT GREEN AND DARK GREEN GLOBE WITH A MAP OF NIGERIA IN WHITE INSERTED IN THE GLOBE. SAID GLOBE IS ON AN AXIS IN DARK GREEN WITH CONNECTING HALF-MOONS AND DOTS BEHIND THE GLOBE ALSO IN DARK GREEN. "NIDO" APPEARS IN DARK GREEN NEXT TO THE DESIGN, WITH THE WORDS "AMERICAS" IN LIGHT GREEN BELOW AND THE WORDS "NIGERIANS IN DIASPORA ORGANIZATION" IN BLACK UNDERNEATH.

SER. NO. 86-318,558, FILED 6-24-2014.

GISELLE AGOSTO, EXAMINING ATTORNEY

Director of the United States
Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,802,122**
**Registered Sep. 1, 2015**
**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

NIGERIANS IN DIASPORA ORGANIZATION AMERICAS (D.C. CHARITABLE, NON-PROFIT CORPORATION)
SUITE 359
4401-A CONNECTICUT AVE, NW
WASHINGTON, DC 20008

FOR: ASSOCIATION SERVICES, NAMELY, PROMOTING THE INTERESTS OF NIGERIANS IN THE AMERICAN DIASPORA, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 7-1-2013; IN COMMERCE 7-1-2013.

THE MARK CONSISTS OF AN ENLARGED "N" AND A REGULAR "ID" AND "O" IN DARK GREEN; A MAP OF NIGERIA IN THE LETTER "N"; A GLOBE IN YELLOW, RED, LIGHT GREEN AND BLUE WITH A DARK GREEN AXIS IN THE "O". THIS ALL APPEARS ABOVE THE WORDING "NIGERIANS IN DIASPORA ORGANISATION" IN BLACK OVER A DARK GREEN UNDERLINE AND "AMERICAS" IN BLACK UNDERNEATH. THE COLOR WHITE IN THE MAP OF NIGERIA FORMING A PORTION OF THE LETTER "N" IS NOT CLAIMED AS A FEATURE OF THE MARK AND REPRESENTS BACKGROUND OR TRANSPARENT AREA.

THE COLOR(S) DARK GREEN, LIGHT GREEN, RED, YELLOW, BLUE AND BLACK IS/ARE CLAIMED AS A FEATURE OF THE MARK.

SER. NO. 86-318,620, FILED 6-24-2014.

GISELLE AGOSTO, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office