IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NIGERIANS IN DIASPORA ORGANIZATION AMERICAS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-3633 |
| SKC OGBONNIA, HENRY CHIWUIKEM IHEDIWA, AUDU ALI, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION**

Pending before the court[1] is Defendants' Motion to Dismiss (Doc. 18). The court has considered the motion, Plaintiff's response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** Defendants' motion.

**I. Case Background**

Nigerians in Diaspora Organization Americas ("NIDOA" or "Plaintiff"), a national nonprofit organization, filed this lawsuit against former members of Plaintiff's Houston chapter, alleging trademark infringement and false advertisement under federal law and defamation of character under Texas law.[2]

Prior to October 2015, Defendants were leaders of the Houston

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 21, Ord. Dated Mar. 24, 2017.

[2] See Doc. 1, Pl.'s Compl.

chapter of NIDOA and were authorized to use Plaintiff's registered marks in the execution of the organization's mission.[3] In its complaint, Plaintiff explained the dispute:

> Soon after Defendants began using the protected brand and mark, their approach to organizing the Houston Chapter left members with . . . more questions than answers as to their intent in building a[n] NIDOA chapter in Houston.
> . . . Between November 2015 and May 2016, Defendants operated the NIDOA Houston chapter as their private organization, at odds with the members of the chapter, taking actions that could be in contradiction with the mission of the organization and refused to properly account to the membership regarding expenses and disbursement carried out by the Defendants.[4]

Efforts to "broker peace" were not successful and, in May 2016, "Plaintiff dissolved the Houston executives and relieved Defendants of their office[s]."[5] Plaintiff directed Defendants to turn over property belonging to the Houston chapter, but Defendants refused.[6] Instead, Defendants sent out publications and directives, held meetings, and converted NIDOA property.[7]

In June 2016, Defendant Henry Chiwuikem Ihediwa ("Ihediwa") distributed a press release that "impugn[ed] the character and activities of NIDOA leadership and falsely stated that the

---

[3] See id. p. 5.

[4] Id.

[5] Id.

[6] See id. pp. 5-6.

[7] Id. p. 6.

leadership ha[d] been dissolved."[8] In response, NIDOA's legal adviser demanded that Defendants withdraw the publication, but, rather than complying with the demand, Defendant SKC Ogbonnia ("Ogbonnia") published the release to more outlets.[9] Defendants continued the unauthorized use of Plaintiff's registered marks and communicated with the Consulate General of Nigeria.[10]

On June 7, 2016, the Houston chapter sued NIDOA's national president/chairman, Gabriel George ("George"), and general secretary, Apollos Nwauwa ("Nwauwa"), in the 127th District Court of Harris County, Texas.[11] On June 17, 2016, Plaintiff sued Defendants in the United States District Court for the District of Columbia.[12] On August 1, 2016, the District of Columbia suit was dismissed for lack of personal jurisdiction and improper venue.[13]

On December 12, 2016, Plaintiff refiled in this district the same federal lawsuit that had been dismissed in the District of Columbia.[14] As in that lawsuit, Plaintiff raised federal claims of

---

[8] Id.

[9] See id.

[10] Id.

[11] Doc. 18, Defs.' Mot. to Dismiss p. 2. Defendants also state that "Ebenezer Anene and Bridget Akazie[] were named as agents and officers of the Houston officials to the National Chapter of NIDOA." Id.

[12] See id.

[13] See NIDOA v. Ogbonnia, et al., Civ. Action No. 16-cv-1174 (TSC) (D.D.C. Aug. 1, 2016), Doc. 15, Mem. Op.

[14] See Doc. 1, Pl.'s Compl.

trademark infringement and false advertisement on its own behalf and claims of defamation of character on behalf of George and Nwauwa, who were members of Plaintiff's board of directors, as well as second member of NIDOA's board of directors and one member of its board of trustees.[15]  No members were named as plaintiffs.[16] Plaintiff requested injunctive relief and monetary damages on its own behalf and for each allegedly defamed NIDOA member.[17]

On March 22, 2017, Defendants filed the pending motion to dismiss and sought sanctions in the amount of $5,750 for attorney's fees and costs associated with defending the federal actions, arguing that they were filed in retaliation for Defendants' filing of the state action and/or as harassment.[18]

## II. Dismissal Standard

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3).  A district court's jurisdiction is limited to actual cases or controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement . . . ." Id. at 560; see also McCall v. Dretke, 390

---

[15]  See id. p. 9.

[16]  See Doc. 1, Pl.'s Compl.

[17]  See id. pp. 7-8, 10-11.

[18]  See Doc. 18, Defs.' Mot. to Dismiss.

4

F.3d 358, 361 (5th Cir. 2004)(explaining that standing is an essential component of federal subject matter jurisdiction).

Federal Rule of Civil Procedure ("Rule") 8(a) requires only short and plain statements of the grounds for jurisdiction and the claims asserted and a demand for the relief sought. Rule 8(d)(1) requires that the allegations be "simple, concise, and direct."

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)). A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When alleging fraud or mistake, a plaintiff must state the circumstances with particularity. Fed. R. Civ. P. 9(b).

### III. Analysis

Defendants raise several arguments in support of their motion to dismiss, referencing Rules 8(a), 8(d)(1), 9(b), 12(b)(1), 12(b)(6). Defendants' motion does not include any discussion of

Rule 9(b), and Plaintiff's complaint does not assert any claim based on fraud or mistake.  Defendants' Rule 9(b) argument has no relevance or merit.

Defendants' argument based on Rule 12(b)(1) is that Plaintiff does not have standing to assert claims on behalf of its individual members.  Citing <u>Warth v. Seldin</u>, 422 U.S. 490, 511 (1975), Plaintiff contends that it does have standing to assert the claims of its board members even where it has suffered no injury itself from the challenged activity.

The Fifth Circuit addressed and applied the teachings of <u>Warth</u> in <u>Association of American Physicians & Surgeons, Inc. v. Texas Medical Board</u>, 627 F.3d 547, 550-53 (5th Cir. 2010).  The court explained when an association has standing to sue on behalf of its members: "when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  <u>Id.</u> at 550. (citing <u>Hunt v. Wash. St. Apple Advert. Comm'n</u>, 432 U.S. 333, 343 (1977)).  The first two of the three requirements are constitutional, and the third is prudential.  <u>Id.</u> (citing <u>United Food & Comm'l Workers Union Local 751 v. Brown Grp., Inc.</u>, 517 U.S. 544, 555 (1996)).  The third requirement is not met where the association seeks "damages running solely to its members."  <u>Id.</u> at 551.

6

The Fifth Circuit found, without discussion, that the association in that case met the constitutional requirements. See id. at 550. Turning to the third requirement, the court stated that the court's focus was on "matters of administrative convenience and efficiency" and that the assessment of whether the prong was met should be based on "the relief requested and the claims asserted." Id. at 551. Because the relief sought in that case was equitable and the association was positioned to present evidence from a small sample of affected members, the court determined that judicial efficiency could be achieved through associational standing. See id. at 552-53.

Here also, Plaintiff meets the first two requirements as Plaintiff's members would have standing in their own rights and the interests Plaintiff seeks to protect, to wit, the reputation of the NIDOA, is germane to its purpose. However, in contrast to the facts of the Fifth Circuit case, the relief sought on behalf of the four NIDOA members is monetary for "unimaginable pain and damage."[19] Plaintiff acknowledged in its complaint that the estimate of the damage for each member could not be ascertained without "adequate discovery and assessment."[20] Similarly, the claims of defamation would have to be proven through evidence from each member regarding what was said about that individual and by what method it was

---

[19] Doc. 1, Pl.'s Compl. pp. 9-10.

[20] Id.

published. Moreover, the members' defamation claims are only peripherally related to NIDOA's claims of trademark infringement and false advertising. As the participation of all four of the members would be necessary, NIDOA is not in the best position to prosecute its members' cases.

This is a situation of individual monetary damages sought for individualized harm from alleged defamation. The defamation claims brought on behalf of NIDOA members should be barred for want of Plaintiff's standing to sue.

Defendants also raise two arguments based on Rules 8(a), 8(d)(1), and 12(b)(6). The first is that, under Texas rules of procedure, a defendant must "file a compulsory counterclaim when the facts giving rise to [the] defendant's claim stem from the same transaction."[21] Defendants contend that Plaintiff's failure to file a mandatory counterclaim in the pending state lawsuit "is the equivalent of failure to properly plead" and the failure "to state a claim upon which relief can be granted."[22] Therefore, according to Defendants, filing this action in federal court rather than as a compulsory counterclaim in state court provides grounds for dismissal of this action. Defendants further contend that this lawsuit was filed in retaliation against Defendants' filing the state lawsuit.

---

[21]   Doc. 18, Defs.' Mot. to Dismiss p. 3.

[22]   Id. pp. 3-4.

Defendants fail to support this argument with any persuasive, much less binding, case law. In fact, enforcement of state pleading rules is a job for the state court. Texas' rules of procedure do not apply to cases in this court, particularly cases over which the court is exercising federal-question jurisdiction. Rule 13, which Defendants cite as in accord with the Texas rule on compulsory counterclaims, does apply to this case but does not aid Defendants' cause. As applied to the case pending here, Rule 13 addresses any claims that Defendants have against Plaintiff, not to Plaintiff's original claims. Defendants' state action is excepted from Rule 13 as the claims therein are the subject of another pending action. <u>See</u> Fed. R. Civ. P. 13(a)(2).

Defendants' compulsory-counterclaim argument fails as a basis for dismissal.

Defendants' second argument under the pleading rules is that Plaintiff failed to "demonstrate" how it was harmed and that Plaintiff's alleged damages are speculative.[23] This is a frivolous argument.

Plaintiff's complaint meets with all pleading standards. It includes sufficient facts to put Defendants on notice of the claims alleged and the factual basis for those claims. With particular reference to damages, Plaintiff was required only to provide a demand for the relief sought; it was not required to *demonstrate*

---

[23] <u>Id.</u> p. 4.

how it was harmed.  Plaintiff alleged that Defendants benefitted from the use of its trademarks, that Plaintiff's reputation and goodwill suffered from Defendants' actions, that Plaintiff's annual meeting possibly lost sponsors and attendees, and that Defendants converted NIDOA property.  Plaintiff sought an injunction against infringement, $100,000 per mark that was infringed, and treble damages for willful infringement.

Plaintiff's complaint contains no pleading deficiency that warrants dismissal.

## IV. Conclusion

Based on the foregoing, the court **GRANTS** Defendants' Motion to Dismiss as to the defamation claims against NIDOA's members and **DENIES** it in all other respects.  Defendants' request for sanctions is denied.

**SIGNED** in Houston, Texas, this 10th day of October, 2017.

_____
U.S. MAGISTRATE JUDGE