IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NIGERIANS IN DIASPORA ORGANIZATION AMERICAS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-3633 |
| SKC OGBONNIA, HENRY CHIWUIKEM IHEDIWA, AUDU ALI, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION, FINAL JUDGMENT AND PERMANENT INJUNCTION**

This matter was set for trial on August 21, 2018. Plaintiff appeared with witnesses and announced ready; Defendant SKC Ogbonnia also appeared for trial. Plaintiff and Defendant Ogbonnia reached an agreement on the disposition of this action, which will be filed with the court by separate document.

The case proceeded to trial against Defendants Henry Chiwuikem Ihediwa and Audu Ali, who were not present, despite being sent notices of the trial setting to their last known addresses.

Plaintiff has proven that it is the record owner of the following United States Trademarks: 4,711,119, 4,770,571, 4,802,122 and 4,815,881. Plaintiff introduced evidence that Defendant Ihediwa misappropriated Plaintiff's trademarks between June 2016 and May 2017 by issuing press releases using the marks, purportedly on behalf of Plaintiff, that notified the general public that Plaintiff had been dissolved as an organization due to its malfeasance, which Defendant Ihediwa knew to be a false

statement of material fact.  The court finds that Plaintiff has met its burden of showing infringement of its marks and the likelihood of confusion based on that infringement and further finds that the press releases contained a false designation of origin.  Plaintiff also proffered testimony that it lost donations as a result of these press releases and the resulting confusion over Plaintiff's ongoing viability.

Plaintiff seeks a permanent injunction against Defendant Ihediwa.  The court may enter a permanent injunction if Plaintiff shows a likelihood of success on the merits, a substantial threat of irreparable injury if the injunction is not issued, that injury if the injunction is denied outweighs any harm that will result in the injunction is granted, and the grant of an injunction will not disserve the public interest.  <u>Paulsson Geophysical Svs., Inc. v. Sigmar</u>, 529 F.3d 303, 309 (5th Cir. 2008).

Plaintiff has demonstrated a likelihood of success on the merits and presented evidence of irreparable injury.  The burden that would be imposed on Defendant Ihediwa is minimal in comparison to the threatened injury to Plaintiff should Defendant Ihediwa attempt to usurp Plaintiff's trademarks and issue false press releases in the future.  The court finds that the public interest is served by requiring conformity with the Lanham Act, 15 U.S.C. § 1051 et seq. As to the irreparable injury prong, the court finds that Defendant Ihediwa's failure to appear for trial and his total

failure to defend this case after filing an answer suggests that he does not take seriously the illegality of his infringing conduct.

It is therefore **ORDERED** and **ADJUDGED** that Defendant Henry Chiwuikem Ihediwa is **PERMANENTLY ENJOINED** from directly or indirectly using Plaintiff's trademarks in any manner and/or issuing materially false statements using Plaintiff's trademarks in any manner, or authorizing any third party to infringe any of Plaintiff's trademarks in any manner and/or issuing materially false statements using Plaintiff's trademarks in any manner.

No evidence was offered against Defendant Ali. It is therefore **ADJUDGED** that Plaintiff take nothing against Defendant Audu Ali.

All other relief requested in herein **DENIED.**

Costs pursuant to 28 U.S.C. § 1920 are taxed against Defendant Ihediwa. The Bill of Costs must be filed within fourteen days of entry of this Memorandum Opinion, Final Judgment and Permanent Injunction.

This is a **FINAL JUDGMENT.**

**SIGNED** this 22nd day of August, 2018.

_____
U.S. MAGISTRATE JUDGE